IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IDIL ISSAK,<br><br>      *Plaintiff*,<br>  v.<br><br>UNIVERSITY OF TENNESSEE—<br>KNOXVILLE, *et al.*,<br><br>      *Defendants*. | Case No. 3:25-CV-00238-KAC-JEM |

**JOINT DISCOVERY PLAN AND PROPOSED SCHEDULE**

      Pursuant to Federal Rules of Civil Procedure 26(f) and this Court's Order of July 25, 2025 [Doc. 32], the parties conferred by video and email on August 1, 2025, and by email on August 4-5, 2025. The parties utilized this time to discuss those topics required by Rule 26(f) and to meet and confer pursuant to this Court's Order Governing Motions to Dismiss. [Doc. 4]. During the conferrals, Defendant and Plaintiff discussed the possibility of an amended pleading and Defendants explained their position that discovery should be stayed pending a decision on their forthcoming Motion to Dismiss. Plaintiff disagreed and suggested instead that discovery proceed with the initial discovery focused on the official capacity claims. The parties were unable to reach an agreement and Defendants indicated they plan to file a Motion to Stay Discovery soon after filing their Motion to Dismiss. Thereafter, the parties agreed to two alternative schedules, depending on whether the Court stays discovery, and hereby submit this joint discovery plan and alternative proposed schedules. Further, the alternative proposed schedules account for Plaintiff's decision to file an Amended Complaint on or before August 14, 2025, based on the parties' further conferral on Defendants' planned Motion to Dismiss.

1. **DISCOVERY PLAN:**

    a. *Initial Disclosures*: If the Court denies the forthcoming Motion to Stay Discovery, the parties

1

will exchange initial disclosures on or before October 3, 2025, or 14 days after the Court denies the Motion to Stay Discovery, whichever is later. If the Court grants the Motion to Stay Discovery, the parties will exchange initial disclosures 14 days after the Court rules on Defendants' forthcoming Motion to Dismiss.

    b. *Discovery*:

Discovery will be needed on Plaintiff's claims and the Defendants' defenses to those claims. The parties believe that nine months from the date the parties exchange their initial disclosures is sufficient time for discovery, absent the need for the filing of any motions to compel. The parties do not anticipate the need for expert discovery. Counsel do not anticipate having to involve the Court in discovery but reserve the right to file motions for the Court's ruling with regard to materials sought to be protected from disclosure as privileged or as trial preparation materials. The Parties understand that pretrial discovery, pretrial motions, and/or trial of this action may involve students' education records that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA), and its implementing regulations, 34 C.F.R. § 99.1 et seq. If it becomes necessary, the Parties may discuss and enter into a Confidentiality Agreement governing the production and use of student education records subject to FERPA in this action. The parties agree that discovery may be served after the initial disclosures are exchanged as provided above and that discovery will be completed approximately 5.5 months before trial.

The parties will work cooperatively to resolve any discovery disputes and to schedule any necessary depositions.

    c. *Disclosure, discovery, or preservation of electronically stored information ("ESI")*:

The parties agreed that they will seek discovery of electronically stored information and they will work cooperatively to develop an ESI protocol that will provide for the forms of disclosure of discovery and to submit the protocol to the Court.

    d. *Expert disclosures.*

The parties do not anticipate any expert witnesses.

2

e. *Changes to discovery limitations*.

The parties agree that there will be no changes to the discovery limitations set forth in the Federal Rules of Civil Procedure.

2. **DISPOSITION OF CASE:**

The parties do not believe settlement in this case is likely and submit that this case will instead likely be resolved on either motions for summary judgment or a bench trial. Should a bench trial be required, the parties estimate the trial will take approximately five (5) days. Presently, the parties anticipate this case may be ready for trial by early February of 2027, if discovery is not stayed. If discovery is stayed, the parties anticipate a trial beginning in late March or early April of 2027.

3. **ADDITIONAL MATTERS:**

*a. Service of Documents.* The parties have agreed to accept service by email of any document required to be served under Federal Rule of Civil Procedure 5, including discovery documents. If service is to the Plaintiff, it should be made to Margot.Cleveland@NCLA.legal and Kaitlyn.Schiraldi@ncla.legal. If service is to the Defendants, it should be made to Miranda.Jones@ag.tn.gov and Andrew.Denning@ag.tn.gov.

*b. Rule 16(b) Conference.* The parties respectfully request the Court conduct any necessary Rule 16(b) Conference via videoconference.

*c. Clawback Agreement.* The parties agree to work cooperatively to develop a clawback agreement and to submit the agreements to the Court within 7 days of the exchange of initial disclosures.

*d. Privilege Log.* The parties agree that they need not log communications between the parties and their counsel after commencement of the action or the work product material created after commencement of the action.

3

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Miranda Jones*
MIRANDA JONES (BPR# 036070)
Senior Assistant Attorney General
ANDREW DENNING (BPR# 042208)
Assistant Attorney General
Constitutional Defense Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 521-0417
Miranda.Jones@ag.tn.gov
Andrew.Denning@ag.tn.gov
*Counsel for Defendants*

Respectfully submitted,

*/S/ Margot J. Cleveland*
Kaitlyn D. Schiraldi (TN Bar No. 039737)
Margot J. Cleveland (MI Bar No. P83564)*
New Civil Liberties Alliance
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22203
(202) 869-5210
Kaitlyn.Schiraldi@ncla.legal
Margot.Cleveland@ncla.legal

*Counsel for Plaintiff Idil Issak*
* Admitted Pro Hac Vice.


Ben M. Rose (TN Bar No. 21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
(615) 942-8295
ben@rosefirm.com

4

**CERTIFICATE OF SERVICE**

On August 8, 2025, I electronically submitted this document to the clerk of the court of the U.S. District Court for the Eastern District of Tennessee using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Margot J. Cleveland*
