IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IDIL ISSAK,<br><br>      *Plaintiff*,<br>  v.<br><br>RANDY BOYD, PRESIDENT OF THE UNIVERSITY OF TENNESSEE SYSTEM, in his Official Capacity, *et al.*,<br><br>      *Defendants*. | Case No. 3:25-CV-00238-KAC-JEM |

**AMENDED JOINT DISCOVERY PLAN AND PROPOSED SCHEDULE**

Pursuant to Federal Rules of Civil Procedure 26(f) and this Court's Order of July 25, 2025 [Doc. 32], the parties conferred by video and email on August 1, 2025, and by email on August 4-5, 2025. The parties utilized this time to discuss those topics required by Rule 26(f) and to meet and confer pursuant to this Court's Order Governing Motions to Dismiss. [Doc. 4]. During the conferrals, Defendant and Plaintiff discussed the possibility of an amended pleading. Plaintiff subsequently filed an amended complaint on August 13, 2025. The parties conferred by video on August 21, 2025. Thereafter, the parties agreed to a revised discovery schedule, and hereby submit this amended discovery plan and proposed schedule.

1. **DISCOVERY PLAN:**

    a. ***Initial Disclosures***: The parties will exchange initial disclosures by October 28, 2025, 21 days after Defendants' reply to Plaintiffs' response to the motion to dismiss is due.

    b. ***Discovery***:

Discovery will be needed on Plaintiff's claims and the Defendants' defenses to those claims. The parties believe that at least nine months from the date the parties exchange their initial disclosures is sufficient time for discovery, absent the need for the filing of any motions to compel or any delay if there

1

is inadequate time to schedule depositions. The parties do not anticipate the need for expert discovery. Counsel do not anticipate having to involve the Court in discovery but reserve the right to file motions to compel or for the Court's ruling with regard to materials sought to be protected from disclosure as privileged or as trial preparation materials. The Parties understand that pretrial discovery, pretrial motions, and/or trial of this action may involve students' education records that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA), and its implementing regulations, 34 C.F.R. § 99.1 et seq. If it becomes necessary, the Parties may discuss and enter into a Confidentiality Agreement governing the production and use of student education records subject to FERPA in this action. The parties agree that discovery will be completed approximately 5.5 months before trial.

The parties agreed that—without waiving Defendants' immunity arguments, which will be raised in the forthcoming motion to dismiss—written discovery requests may begin after service of initial disclosures. However, pending resolution by the court of the forthcoming motion to dismiss, Plaintiff will limit written discovery requests to a single defendant in his or her official capacity.[1] The parties further agreed that within 14 days after a ruling on the motion to dismiss the parties will file a joint status report with their positions on what, if any, additional written discovery is needed prior to the scheduling of depositions.

The parties agreed that no depositions will be scheduled until after the Court rules on the motion to dismiss.

The parties will work cooperatively to resolve any discovery disputes and to schedule any necessary depositions.

   c.  ***Disclosure, discovery, or preservation of electronically stored information ("ESI").***

The parties agreed that they will seek discovery of electronically stored information and they will

---

[1] The parties will negotiate a separate agreement if jurisdictional discovery on Defendants' motion to dismiss is necessary.

work cooperatively to develop an ESI protocol that will provide for the forms of disclosure of discovery and to submit the protocol to the Court.

   **d.** *Expert disclosures.*

The parties do not anticipate any expert witnesses.

   **e.** *Changes to discovery limitations*.

Aside from the changes already discussed, the parties agree that there will be no changes to the discovery limitations set forth in the Federal Rules of Civil Procedure.

**2.** **DISPOSITION OF CASE:**

The parties do not believe settlement in this case is likely and submit that this case will instead likely be resolved on either motions for summary judgment or a bench trial. Should a bench trial be required, the parties estimate the trial will take approximately five (5) days. The parties anticipate this case may be ready for trial by March 2027.

**3.** **ADDITIONAL MATTERS:**

   **a. *Service of Documents.*** The parties have agreed to accept service by email of any document required to be served under Federal Rule of Civil Procedure 5, including discovery documents. If service is to the Plaintiff, it should be made to Margot.Cleveland@NCLA.legal and Kaitlyn.Schiraldi@ncla.legal. If service is to the Defendants, it should be made to Miranda.Jones@ag.tn.gov and Andrew.Denning@ag.tn.gov.

   **b. *Rule 16(b) Conference.*** The parties respectfully request the Court conduct any necessary Rule 16(b) Conference via videoconference.

   **c. *Clawback Agreement.*** The parties agree to work cooperatively to develop a clawback agreement and to submit the agreements to the Court within 7 days of the exchange of initial disclosures.

3

**d. Privilege Log:** The parties agree that they need not log communications between the parties and their counsel after commencement of the action or the work product material created after commencement of the action.

| | |
|---|---|
| JONATHAN SKRMETTI<br>Attorney General and Reporter | Respectfully submitted, |
| <u>*/s/ Miranda Jones*</u><br>MIRANDA JONES (BPR# 036070)<br>Senior Assistant Attorney General<br>ANDREW DENNING (BPR# 042208)<br>Assistant Attorney General<br>Constitutional Defense Division<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>Phone: (615) 521-0417<br>Miranda.Jones@ag.tn.gov<br>Andrew.Denning@ag.tn.gov<br>*Counsel for Defendants* | <u>*/S/ Margot J. Cleveland*</u><br>Kaitlyn D. Schiraldi (TN Bar No. 039737)<br>Margot J. Cleveland (MI Bar No. P83564)*<br>New Civil Liberties Alliance<br>4250 N. Fairfax Drive<br>Suite 300<br>Arlington, VA 22203<br>(202) 869-5210<br>Kaitlyn.Schiraldi@ncla.legal<br>Margot.Cleveland@ncla.legal<br><br>*Counsel for Plaintiff Idil Issak*<br>* Admitted Pro Hac Vice.<br><br><br>Ben M. Rose (TN Bar No. 21254)<br>RoseFirm, PLLC<br>Post Office Box 1108<br>Brentwood, Tennessee 37024<br>(615) 942-8295<br>ben@rosefirm.com |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties below:

Ben M. Rose (TN Bar No. 21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
(615) 942-8295
ben@rosefirm.com

Kaitlyn D. Schiraldi (TN Bar No. 039737)
Margot J. Cleveland (MI Bar No. P83564)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22203
(202) 869-5210
Kaitlyn.Schiraldi@ncla.legal
Margot.Cleveland@ncla.legal
Counsel for Plaintiff Idil Issak

                                                        s/ Miranda Jones
                                                        MIRANDA JONES (BPR# 036070)
                                                        Senior Assistant Attorney General