IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IDIL ISSAK,

        Plaintiff,

    v.

RANDY BOYD, PRESIDENT OF THE
UNIVERSITY OF TENNESSEE
SYSTEM, in his Official Capacity, *et al.*,

        Defendants.

No. 3:25-cv-00238-KAC-JEM

**STIPULATED CLAWBACK AGREEMENT
AND FEDERAL RULE OF EVIDENCE 502(D) ORDER**

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority, that the production in connection with the above-captioned proceeding of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege and work-product protection as defined by Federal Rule of Civil Procedure 26(b). Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this Order shall displace the provisions of Federal Rule of Evidence 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate. Nor does anything in this Order displace the applicable rules of professional conduct.

## I. DEFINITIONS

1. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrase, or characterization would be considered a disclosure of the document itself for purposes of this Order.

2. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

3. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

4. "Producing Party" shall mean the person or party producing discovery in the action.

5. "Receiving Party" shall mean any party that receives information that has been produced in discovery in the action.

## II. PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

6. If the Producing Party determines that a document produced, or part thereof, is subject to a claim of privilege that was not previously asserted, the Producing Party shall give the Receiving Party notice of the claim of privilege ("privilege notice"). Additionally, if a party discovers a document, or part thereof, produced by another party and determines that the Producing Party intended to assert an arguably applicable privilege but did not, the Receiving Party shall promptly notify the Producing Party, and the Producing Party may either provide a privilege notice within fourteen (14) days or confirm that it does not assert a privilege. Nothing in this Order is intended to shift the burden in the first instance to identify privileged and protected documents from the Producing Party to the Receiving Party.

7. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number, as well as identification of the privilege asserted and its basis.

8. Upon receiving the privilege notice, if the Receiving Party agrees with the privilege assertion made, the Receiving Party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the Producing Party that the document(s) and copies have been destroyed. The Receiving Party must sequester and destroy any notes taken about the document. If a Receiving Party Disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information.

9. Upon receiving the privilege notice, if the Receiving Party wishes to dispute a Producing Party's privilege notice, the Receiving Party shall promptly meet and confer with the Producing Party. The document(s) shall be sequestered immediately upon receiving the privilege

3

notice and not be used by the Receiving Party (in the litigation or otherwise) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may file a motion for a judicial determination of the privilege claim, which shall comply with the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 5] and Local Rule 26.2. The burden for establishing the privilege shall remain on the Producing Party.

10.     Pending resolution of the judicial determination, the Receiving Party shall preserve and refrain from using the challenged information for any purpose and shall not Disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly Disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly Disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

11.     If the challenged information is determined by the Court to be privileged, the Receiving Party may not Disclose or use the information for any purpose except as provided under the Court's determination. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

**IT IS SO ORDERED.**

ENTER:

_Jill E. McCook_ (signature)

_____

Jill E. McCook
United States Magistrate Judge

Case 3:25-cv-00238-KAC-JEM     Document 62     Filed 01/21/26     Page 5 of 5     PageID #: 2628