# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| IDIL ISSAK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-238 |
| | ) | |
| UNIVERSITY OF TENNESSEE – | ) | Judge Crytzer |
| KNOXVILLE, et al., | ) | Magistrate Judge McCook |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendants' sovereign and qualified immunity protects them from the burden of participating in a lawsuit—not just from liability. Absent a discovery stay, that immunity will be nullified. As set out in the motion to dismiss, the Institutional Review Board (IRB) has sovereign immunity as an arm of the State and the individual-capacity Defendants have qualified immunity. Dkt. 41. Defendants' opposition to Dr. Issak's motion for leave shows the official-capacity Defendants and the IRB also have sovereign immunity because Dr. Issak's injury is no longer ongoing. Dkt. 79 at 6-8. Thus, all Defendants are now protected by immunity. That alone requires a stay of discovery. A stay is also appropriate because the pending motion to dismiss would dispose of the entire action, and this case is now largely moot. Thus, subjecting Defendants to further, expensive discovery before these issues are resolved places a needless burden on them, wastes party resources, and does not impose a hardship on Dr. Issak, who having graduated, does not need to expedite resolution of this lawsuit.

1

# BACKGROUND

Idil Issak, a former doctoral student at the University of Tennessee (UT), sued defendants Randy Boyd, the President of the University of Tennessee System, Donde Plowman, Chancellor of the University of Tennessee-Knoxville, Marieke Van Puymbroeck, Vice Provost and Dean of the Graduate School, Deborah Crawford, Vice Chancellor for Research, Innovation and Economic Development, Brad Day, Interim Associate Vice Chancellor for the responsible Conduct of Research at UT, and Graciela Cabana, Director of Graduate Studies—all in their official capacities. Dkt. 34 ¶¶ 15-21. Dr. Issak also names as defendants Patrick Grzanka and Michael Blum, both of the College of Arts and Sciences, Barbara Heath, of the Department of Anthropological Archaeology, Lora Beebe, Chair of the IRB, Robert Withrow, alternative member of the IRB, and Tami Wyatt, interim institutional official of the IRB—all sued in their official and individual capacities. Dkt. 34 ¶¶ 22-28. In her Proposed Amended Complaint, Dr. Issak replaces Patrick Grzanka as a defendant, who is no longer employed by UT, with Gina Owens, who is sued in her official capacity only. Dkt. 76-1 ¶ 24.

Dr. Issak's First Amended Complaint alleges violations of her First Amendment rights due to IRB-review requirements that Defendants imposed on her planned dissertation research. *See* Dkt. 34. Defendants moved to dismiss the First Amended Complaint for, among other reasons, the IRB's sovereign immunity and the individual-capacity Defendants' qualified immunity. Dkt. 41 at 21-24, 29-31. Since then, Dr. Issak "graduated with a Doctor of Philosophy in the Anthro-Cultural Anthropology program." Dkt. 76 at 5.

Because Dr. Issak now has a Ph.D., she has asked this Court for leave to amend her complaint for a second time. *See* Dkt. 76. In opposition to that motion, Defendants argue that because Dr. Issak's alleged injury is no longer ongoing, this case is moot and all the official-capacity defendants are also entitled to sovereign immunity. *See* Dkt. 79 at 5-15. Thus, based on the immunity defenses raised in the motion to dismiss, Dkt. 41 at 21-24, 29-31, taken in conjunction with the immunity defenses

2

previewed in the opposition to Dr. Issak's motion for leave, Dkt. 79 at 5-11, Defendants respectfully request that the Court stay all discovery.

## LEGAL STANDARD

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Indeed, "[l]imitations on pretrial discovery are *appropriate* where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (emphasis added) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

## ARGUMENT

Discovery should be stayed for two reasons. First, Defendants' sovereign and qualified immunity requires a discovery stay lasting until the immunity defenses are finally resolved either by this Court or through the appellate process. Second, Defendants' motion to dismiss, Dkt. 41, and opposition to amendment, Dkt. 79, raise a combination of defenses that would dispose of the entire case.

**I. Discovery Should Be Stayed Because Defendants Assert Immunity Defenses.**

Discovery should be stayed because Defendants have raised immunity defenses that protect all of them from suit. The IRB and official-capacity Defendants have asserted sovereign immunity. And the individual-capacity Defendants have asserted qualified immunity. To require discovery against Defendants before these defenses are resolved would decimate those immunity protections.

**A. Defendants' assertion of sovereign immunity requires a discovery stay.**

All Defendants are part of the University of Tennessee as either employees or a university sub-entity. Dkt. 34, ¶¶ 15-28. "The University of Tennessee, as an arm of the State of Tennessee, is

3

immune to suit in federal court under the doctrine of sovereign immunity." *Boinapally v. Univ. of Tenn.*, 23 F. App'x 512, 515 (6th Cir. 2001). And "Tennessee courts have repeatedly held that . . . university officials are appendages of the state for purposes of sovereign immunity." *Boyd v. Tennessee State University*, 848 F. Supp. 111, 114 (M.D. Tenn. 1994) (citing *Dunn v. W.F. Jameson & Sons, Inc.*, 569 S.W.2d 799 (Tenn. 1978)). Thus, sovereign immunity protects the IRB and the official-capacity Defendants.

Sovereign immunity does not just shield these Defendants from liability—it also "provides immunity *from suit*." *Fed. Mar. Comm'n v. S.C. Ports Auth.*, 535 U.S. 743, 766 (2002) (emphasis added); *see Sault Ste. Marie Tribe of Chippewa Indians v. State of Mich.*, 5 F.3d 147, 149-50 (6th Cir. 1993). Like qualified immunity, "avoiding the costs and general consequences of subjecting public officials to the risk of discovery and trial" is one of sovereign immunity's "central benefits." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-44 (1993) (applying qualified-immunity principles to the context of sovereign immunity). Those benefits diminish "at each step that litigation proceeds without deciding whether a state is entitled to sovereign immunity." *Kerchen v. University of Michigan*, 100 F.4th 751, 760-61 (6th Cir. 2024). Thus, courts should halt discovery while sovereign-immunity defenses are pending to prevent that immunity from being rendered meaningless. *See id.*

The Sixth Circuit recently instructed district courts how they should approach discovery when defendants move to dismiss on sovereign-immunity grounds. In *Kerchen v. University of Michigan*, the plaintiffs brought a § 1983 claim against a state university and state officials. 100 F.4th at 755–57. The university and a state official moved to dismiss on sovereign-immunity and qualified-immunity grounds. *Id.* at 757. But the district court "defer[red] ruling on [the] sovereign immunity arguments until after limited discovery." *Id.* at 760. On appeal, the Sixth Circuit held that the district court erred because it "should have ruled on [the] immunity defenses before ordering discovery." *Id.* It reasoned that allowing discovery to proceed before "ruling on properly raised sovereign immunity defenses"

4

violates precedent and conflicts with the "longstanding principle that sovereign immunity protects a state's dignity interests" against "litigating a suit itself." *Id.* at 760–61. *Kerchen* thus instructs that district courts "must issue a ruling on" the assertion of sovereign immunity "before permitting litigation to proceed" through burdensome discovery. *Id.* at 761. Simply put, discovery in this action should be stayed until Defendants' sovereign-immunity arguments are finally resolved.

That conclusion finds ample precedential support among district courts. In Tennessee, federal courts routinely grant stays of discovery when defendants move to dismiss on sovereign-immunity grounds. *See, e.g.*, Order at 1, *Southeastern Synod of the Evangelical Lutheran Church v. Finney*, No. 3:25-cv-00684 (M.D. Tenn. Nov. 13, 2025), Dkt. 78; *see* Order at 2, *Robbins v. THDA*, No. 1:24-cv-1229-JDB-jay (W.D. Tenn. Aug. 7, 2025), Dkt. 58; *see, e.g.*, *OutMemphis v. Lee*, 2024 WL 2138625, at *3 (W.D. Tenn. May 13, 2024); *Jones v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 6499976, at *2 (M.D. Tenn. July 6, 2021); *see also* Order at 1–2, *Reynolds v. Lee*, No. 2:23-cv-86 (E.D. Tenn. Nov. 14, 2024), Dkt. 65; Order at 1, *Doe v. Lee*, No. 3:23-cv-965 (M.D. Tenn. Feb. 13, 2024), Dkt. 50; Order at 2–7, *McCaleb v. Long*, No. 3:22-cv-439 (M.D. Tenn. Sept. 8, 2022), Dkt. 36; Order at 1, *Rhea v. W. Tenn. Violent Crime & Drug Task Force*, No. 2:17-cv-2267 (W.D. Tenn. Nov. 14, 2017), Dkt. 50. District courts across the country follow that same approach. *See, e.g.*, *Rosales v. Wormuth*, 2024 WL 1336464, at *4 (W.D. Tex. Mar. 28, 2024); *Mack v. Lee Mem'l Health Sys.*, 2024 WL 493002, at *1 (M.D. Fla. Feb. 8, 2024); *Massey v. Willard*, 2023 WL 1102595, at *1–2 (E.D. La. Jan. 30, 2023); *Jackson v. United States*, 2022 WL 17555306, at *2–3 (D. Kan. Dec. 9, 2022); *Driver v. Balfour Beatty Cmtys.*, 2020 WL 12787414, at *1–2 (W.D. Okla. Aug. 21, 2020); *Pfaff v. United States*, 2015 WL 7075508, at *2 (D. Colo. Nov. 13, 2015).

**B.     Defendants' assertion of qualified immunity requires a discovery stay.**

The same holds true where, as here, the individual capacity Defendants moved to dismiss based on qualified immunity. Dkt. 41 at 29-31. In this context, district courts "must" halt "discovery

5

Case 3:25-cv-00238-KAC-JEM     Document 81     Filed 07/10/26     Page 5 of 11     PageID #: 2846

until that issue is decided.'" *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (citation omitted); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("discovery should not be allowed" until the "threshold immunity question is resolved"); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (same). The logic requiring stays in the qualified-immunity context equally applies "to other types of immunity such as sovereign immunity." *OutMemphis*, 2024 WL 2138625, at \*3; *Jones*, 2021 WL 6499976, at \*2; *see Liverman v. Comm. on the Jud.*, 51 F. App'x 825, 827–28 (10th Cir. 2002) (order) (finding "no logical reason" why qualified immunity and sovereign immunity should be treated differently for discovery purposes); *cf. P.R. Aqueduct*, 506 U.S. at 146 & 146 n.5 (rejecting efforts to distinguish qualified-immunity precedent from a case involving sovereign immunity). Both forms of immunity protect the Defendants from suit, and both would lose their value if Defendants were forced into discovery.

### C. The discovery stay should last until the immunity defenses are fully resolved.

The Court should keep the stay in place until the sovereign-immunity defenses have been fully adjudicated—including, if necessary, on interlocutory appeal. *See O'Bryan v. Holy See*, 556 F.3d 361, 372 (6th Cir. 2009) ("The denial of a claim of sovereign immunity is immediately appealable under the collateral order doctrine."). After all, courts stay discovery pending immunity determinations to prevent public servants from needlessly expending "valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). That interest naturally justifies staying discovery while the district court considers the immunity issue in the first instance. But it also justifies leaving discovery stays in effect when public officials seek appellate review of an adverse sovereign-immunity decision. Allowing discovery to proceed while state defendants exercise their right to appellate review would destroy the immunity just the same as allowing discovery to proceed while the district court makes its immunity decision in the first place.

6

The same is true in the qualified-immunity setting. "The Sixth Circuit has held that, where [qualified] immunity is on appeal, the trial court should stay discovery." *Meyers v. Cincinnati Bd. of Educ.*, 2019 WL 451355, at \*3 (S.D. Ohio Feb. 5, 2019) (citing *English*, 23 F.3d at 1089); *see English*, 23 F.3d at 1089 ("While the [immunity] issue is before the trial court or the case is on appeal, the trial court should stay discovery."); *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir. 1988) ("When the defendant takes an interlocutory appeal [on qualified immunity], all discovery must cease."). That approach properly protects public officials from "the burdens of trial and discovery" before their immunity defenses are fully and finally decided. *English*, 23 F.3d at 1089. That reasoning applies with equal force to the sovereign-immunity context. *See, e.g.*, *Willis v. County of Saginaw*, 2021 WL 2139097, at \*4–5 (E.D. Mich. May 26, 2021) (staying case pending disposition of sovereign-immunity appeal); *see supra* Argument I.A.

**II.      Discovery Should Be Stayed Because Defendants Have Raised Arguments that Would Dispose of the Entire Case.**

Defendants have raised—and will raise in a supplemental motion to dismiss if the Court grants leave to amend—arguments that would dispose of the entire case. Dkts. 41, 79. When faced with case-dispositive arguments at the dismissal stage, courts generally "weigh[] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *BF 3 Rivers JD SPV, LLC v. Lynchburg Renewable Fuels, LLC*, No. 4:25-cv-29, 2025 WL 3127091, at \*1 (E.D. Tenn. July 3, 2025) (citation omitted). Here, the burden Defendants will bear if discovery proceeds far outweighs any hardship Dr. Issak may allegedly experience from the stay.

As set out in Defendants' motion to dismiss and opposition to amendment, Dkt. 41 at 24-45; Dkt. 79 at 11-15, Defendants' mootness and failure-to-state-a-claim arguments would dispose of the entire case. "It is well established that 'there is no general right to discovery upon filing of the complaint.'" *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007) (citation omitted). Indeed, the "very

7

purpose" of pre-answer motions to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.3d 729, 738 (9th Cir. 1987)). Hence, "entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *In re Copper Tubing Litig.*, 2006 WL 8434911, at *3 (W.D. Tenn. Oct. 3, 2006) (citation omitted).

If the Court grants the motion to dismiss, the case will not proceed at all, thereby alleviating the need for the parties to engage in extensive discovery. *See Williams v. Scottrade, Inc.*, 2006 WL 1722224, at *2 (E.D. Mich. June 19, 2006) (granting stay and recognizing that a ruling granting the defendant's motion to dismiss "will render Plaintiff's discovery requests moot"). And "even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit." *Id.*; *see Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (explaining that an early ruling can "streamline[] litigation" by narrowing the issues and thereby "dispensing with needless discovery and factfinding").

Guided by those principles, courts routinely grant stays of discovery where a pending motion to dismiss could dispose of the entire case. *See, e.g.*, *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*, No. 1:21-cv-286, 2022 WL 20613653, at *2 (E.D. Tenn. June 7, 2022); *see Lewis v. Loftin*, 2017 WL 5505337, at *2 (W.D. Tenn. Mar. 1, 2017); *F.H. ex rel. Hall v. Memphis City Schs.*, 2013 WL 978255, at *1–2 (W.D. Tenn. Mar. 12, 2013); *Saino v. Lifeblood Found.*, 2008 WL 11417539, at *2 (W.D. Tenn. Oct. 24, 2008); *Allenberg Cotton Co. v. Staple Cotton Coop. Ass'n*, 2006 WL 8443227, at *1 (W.D. Tenn. Dec. 22, 2006). In line with those cases, it is especially appropriate to stay discovery here because, not only would the pending mootness and failure-to-state a claim arguments dispose of the entire case, Dkts. 41, 79, but as discussed above, the assertions of immunity by *all* Defendants would also dispose of the entire case. Thus, discovery should be stayed.

8

Staying discovery while the motion to dismiss is pending does not adversely impact Dr. Issak but allowing discovery to proceed would adversely impact Defendants. The Court has discretion to "stay or not stay discovery pending ruling on a dispositive motion." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). And when exercising that discretion, Courts generally weigh a defendant's discovery burden against a plaintiff's "hardship" if discovery is stayed. *BF 3 Rivers JD SPV, LLC.* 2025 WL 3127091, at *1; *see City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-cv-01041, 2011 WL 1326280, at *3 (S.D. Ohio Apr. 5, 2011); *Spec's Family Partners, Limited v. First Data Merchant Services Corp.*, No. 2:14-cv-02995, 2015 WL 13102007, at *1 (W.D. Tenn. July 1, 2015); *Osborn v. Griffin*, No. 11-89-WOB-CJS, 2011 WL 13156649, at *1 (E.D. Ky. Dec. 9, 2011); *Falzone v. Licastro*, No. 1:10-cv-2918, 2011 WL 13242876, at *1 (N.D. Ohio Aug. 2, 2011); *Peterson Motorcars, LLC v. BMW of North America*, No. 3:19-cv-00277-DJH-RSE, 2019 WL 8989835, at *3 (W.D. Ky. Nov. 1, 2019). Defendants' discovery burden outweighs any hardship Dr. Issak may claim is worked by a denial of discovery.

At this juncture, Defendants have "consult[ed] with twenty-five custodians" to "gather documents from them individually." Dkt. 70 at 1. That resulted in more than "14,000 documents (comprising 34,000 pages) for Defendants to review," *id.*, to say nothing of the thousands of dollars Defendants must spend every month to cover the costs of storing and processing the voluminous data needed for discovery. And there's still more to be done. Dr. Issak has served Defendants with additional requests for production and has notified them that she plans to proceed with at least eight depositions before the end of the year—all while Defendants' immunity arguments are pending.

Dr. Issak, on the other hand, will not experience a comparable "hardship" if discovery is stayed. *Lynchburg Renewable Fuels*, 2025 WL 3127091, at *1. When the first Complaint was filed, Dr. Issak needed to graduate within a specified time-period, so she faced time pressure to obtain discovery and resolve this litigation. Dkt. 34 ¶ 125. With her graduation, that pressure is eliminated. Dkt. 76-

9

¶ 145. Thus, the burden Defendants will bear if discovery proceeds outweighs the hardship Dr. Issak may claim could be worked by a denial of discovery.

## CONCLUSION

For these reasons, this motion should be granted and discovery should be stayed until the Court rules on Defendants' pending arguments and Defendants' immunity defenses are fully resolved.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Andrew D. Denning*
ANDREW D. DENNING (BPR# 042208)
Assistant Attorney General
Constitutional Defense Division
ANDREW GRAMS (BPR #018380)
Assistant Attorney General
Health and Education Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 253-1103
Andrew.Denning@ag.tn.gov
*Counsel for Defendants*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties below:

Ben M. Rose (TN Bar No. 21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
(615) 942-8295
ben@rosefirm.com

Kaitlyn D. Schiraldi (TN Bar No. 039737)
Margot J. Cleveland (MI Bar No. P83564)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22203
(202) 869-5210
Kaitlyn.Schiraldi@ncla.legal
Margot.Cleveland@ncla.legal
*Counsel for Plaintiff Idil Issak*

s/ *Andrew D. Denning*
ANDREW D. DENNING (BPR# 042208)
Assistant Attorney General

11