# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| IDIL ISSAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 3:25-cv-238 |
| | ) |
| UNIVERSITY OF TENNESSEE – | )     Judge Crytzer |
| KNOXVILLE, *et al.*, | )     Magistrate Judge McCook |
| | ) |
| Defendants. | ) |

---

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO STAY DISCOVERY

---

## INTRODUCTION

Defendants moved to stay discovery based on their asserted defenses of sovereign and qualified immunity. Dkt. 80-81. Dr. Issak does not dispute that a claim of immunity from suit ordinarily halts discovery until the defense is resolved. Dkt. 84 at 5-6. And Dr. Issak has already agreed that the individual-capacity Defendants' qualified immunity defense warrants a stay of discovery. Dkt. 84 at 4, n.2. Yet Dr. Issak opposes Defendants' motion contending that Defendants' immunity defenses are frivolous and thus Defendants must be subjected to further discovery without their consent. That is wrong. The assertion of immunity entitles Defendants to a discovery stay. Settled immunity principles support staying discovery until Defendants' immunity defenses are fully resolved. Requiring Defendants to submit

1

to more discovery would undermine their immunity. Discovery should thus be stayed pending the resolution of Defendants' immunity defenses.

## ARGUMENT

### I.     The Assertion of Immunity Requires a Discovery Stay.

The strength of Defendants' immunity defenses does not matter because the assertion of immunity alone stops discovery. "Under the well-established law of the Sixth Circuit, the Defendants asserting immunity defenses are entitled to a stay of discovery pending resolution of those matters." *Jones v. Metropolitan Government of Nashville and Davidson Cnty.*, No. 3:21-cv-00112, 2021 WL 6499976, at *2 (M.D. Tenn. July 6, 2021); *see Collins v. Village of New Vienna*, 29 F. App'x 359, 361 (6th Cir. 2002). Staying discovery while immunity defenses are pending "protect[s]" public officials "from the rigors of litigation including the potential disruptiveness of discovery." *Everson v. Leis*, 556 F.3d. 484, 491 (6th Cir. 2009). That is why "questions of . . . immunity should be resolved 'at the earliest possible stage of litigation,' or else the 'driving force' behind the immunity—avoiding unwarranted discovery and other litigation costs—will be defeated." *Id.* at 492 (quoting *Peason v. Callahan*, 555 U.S. 223, 231 (2009)). Thus, Defendants' assertion of immunity entitles them to a discovery stay until those issues are resolved.

Because the law requiring a discovery stay when immunity defenses are asserted is clear, Dr. Issak instead seeks to litigate the merits of Defendants' immunity defenses, claiming they are frivolous and thus do not warrant a discovery

2

stay.[1] Dkt. 84 at 4-8. Dr. Issak agrees that asserting "immunity normally halts discovery pending resolution of the immunity defense." Dkt. 84 at 5-6 (citing *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 760-761 (6th Cir. 2024)). But Dr. Issak argues—without support—that *Yates v. City of Cleveland*, 942 F.2d 444, 448-449 (6th Cir. 1991), establishes a frivolity "exception to" that "general rule," Dkt. 84 at 5. That is wrong.

In *Yates*, the Court acknowledged that public officials can "employ" appeals under *Mitchell v. Forsyth*, 472 U.S. 511 (1985), "for the sole purpose of delaying trial," 941 F.2d at 448. *Forsyth* provides that "a district court's denial of a claim of . . . immunity, to the extent that it turns on an issue of law, is an appealable 'final decision[.]" 472 U.S. at 530. *Yates* recognizes a frivolity exception to that rule. *See Yates*, 941 F.2d at 444-448. But *Yates* does not establish a frivolity exception to the rule that "[a] stay of discovery is properly granted until the issue of immunity is decided." *Chow v. State*, 165 F.3d 26, 1 (6th Cir. 1998) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 289-99 (6th Cir. 1986). *Yates* only allows a district court "to certify an *appeal*" under *Forsyth* "as frivolous and begin the trial." 941 F.2d at 448 (citing *Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (7th Cir. 1989)) (emphasis added).

Put simply, *Yates* and other cases are concerned that *Forsyth* "appeals . . . could ossify civil rights litigation" by "making suit unbearably expensive or indefinitely putting off the trial." *Id.* at 449 (quoting *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir.

---

[1] Dr. Issak does not argue that Defendants' immunity defenses are frivolous in response to Defendants' Motion to Dismiss. Dkt. 53. Nowhere in her brief does she call the immunity defenses "frivolous," "meritless," or "baseless." Dkt. 53.

1990)) (emphasis added). That is not the case here. *Yates'* frivolity exception only applies *after* a court rules on the merits of an immunity defense and asks whether the appeal is frivolous, not whether the immunity defenses themselves are frivolous. *See* 941 F.2d at 449 (noting that the defendant "institute[ed] a *Forsyth* appeal in a dilatory fashion"). No court has applied *Yates* to deny a motion to stay discovery because *Yates* applies only to immediate appeals of immunity denials. Defendants' entitlement to a stay of discovery does not depend on predictions of the merits of their immunity defenses. The Court must stay all discovery until the merits of those defenses are decided to avoid prematurely and incorrectly depriving Defendants of their immunity.[2]

A response to a motion to stay discovery is neither the time nor place to litigate whether Defendants' immunity defenses are frivolous.[3] Defendants are entitled to a stay of discovery because they have asserted immunity defenses. Whether Defendants ultimately prevail is not a question the Court should ask at this stage.

## II. Sovereign Immunity Applies Because *Carten* and *Thomson* Do Not Control Here.

Even reaching the merits, Defendants' assertion of immunity is not frivolous. Dr. Issak's frivolity argument rests entirely on the claim that *Carten v. Kent State*

---

[2] Dr. Issak agreed to stay–and the Court has stayed–discovery for the individual-capacity Defendants.

[3] The proper time to litigate whether an immunity defense is frivolous is *after* the issue has been decided and appealed. Typically, a court denies a motion to dismiss or motion for summary judgment on immunity grounds. Then, a defendant files a notice of appeal. In response, the plaintiff moves to certify the appeal as frivolous and asks the court to retain jurisdiction. *See, e.g.*, *Brown v. United States*, No 1:07-cv-3750, 2009 WL 10702672, at *1 (N.D. Ohio Sept. 30, 2009).

4

*Univ.*, 282 F.3d 391 (6th Cir. 2002), and *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995), are "in all material respects, identical to this case." Dkt. 84 at 10. They are not. Both cases involved a plaintiff who, at the time of suit, remained deprived of a specific educational or research opportunity that no subsequent, superseding event had cured. Dr. Thomson never received the laboratory research experience the defendants denied him, and his claim for "reinstatement and support as a researcher" sought only to supply what he still lacked. *Thomson,* 65 F.3d at 1321. Carten's disability-accommodation claims likewise concerned a denial that persisted unabated at the time of the Sixth Circuit's decision. *Carten,* 282 F.3d at 396. By contrast, the University conferred Dr. Issak's Ph.D. on May 16, 2026. Dkt. 76 at 5. She does not lack any credential. Indeed, she holds the degree she filed suit to obtain. *Carten* and *Thomson* did not hold that *Ex parte Young* authorizes an order compelling a university to readmit a student, reconvene a plaintiff's already-dissolved doctoral committee, and allow a Ph.D. graduate to re-defend an already-conferred degree.

The Eleventh Amendment's line between permissible prospective relief and forbidden retrospective relief "will not, in many instances, be that between day and night." *Papasan v. Allain*, 478 U.S. 265, 278 (1986) (quoting *Edelman v. Jordan*, 415 U.S. 651, 667 (1974)). Courts must look to "the substance, rather than to the form, of the relief sought." *Id.* at 279. And the Supreme Court has emphatically stated that *Ex parte Young* does not permit a court to remedy a completed violation merely because its consequences persist. The Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law *in the past*."

5

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) *citing Green v. Mansour*, 474 U.S. 64, 73 (1985). Dr. Issak's own framing of her injury that her dissertation is a "shell" of the one she "spent eight years and hundreds of thousands of dollars" to write, Dkt. 84 at 3, describes a completed injury with continuing consequences—precisely the category *Green* places outside *Ex parte Young*. Because Dr. Issak's requested relief is *Green*-style retrospective redress rather than *Milliken*-style prospective compliance, *Milliken v. Bradley*, 433 U.S. 267, 280-282 (1977), sovereign immunity applies, and that assertion is certainly not frivolous.

### III. The Court Must Rule on Defendants' Immunity Defenses Before Discovery Proceeds.

Because Defendants have raised immunity defenses and Dr. Issak cannot circumvent them by labeling them "frivolous," the Court must stay discovery until those defenses are fully resolved. Sovereign immunity "protects a state's dignity interests in avoiding not just ultimate liability, but litigating a suit itself." *Kerchen*, 100 F.4th at 760. To "vindicate" that interest, "district courts must issue a ruling on properly raised sovereign immunity defenses—even if raised as an alternative defense—before permitting litigation to proceed." *Id.* at 760–61 (also holding "the district court . . . erred in failing to address Defendants' qualified immunity defense before ordering limited discovery"). Dr. Issak's contention that a discovery stay is not required is wrong. Dkt. 84 at 4. The Supreme Court has made clear that "[o]nce a defendant pleads a defense of qualified immunity . . . discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). Likewise, the Sixth Circuit

6

explains that because "the defendant is to be also protected from the burdens of discovery until the resolution of" the immunity question, "the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided." *Kennedy*, 797 F.2d at 299. Consistent with this principle, courts routinely stay discovery when immunity is raised. *See, e.g.*, *Craig v. McMillan*, 3:23-CV-148, 2023 WL 4356051, at *1 (E.D. Tenn. July 5, 2023) (quoting *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2012 WL 113528, at *4 (S.D. Ohio Jan. 13, 2012)). Allowing discovery to proceed before immunity defenses are resolved undermines "states' dignity interests implicated by their . . . immunity to suit." *Id.* Thus, courts "must first assess the validity of . . . immunity claim[s] before permitting further discovery." *Quigley v. Correctional Medical Services, Inc.*, No. 09-14221, 2010 WL 1753121, at *2 (E.D. Mich. Apr. 29, 2010).

At bottom, Defendants "are entitled to a stay of discovery pending resolution" of their immunity defenses. *Jones*, 2021 WL 6499976, at *2. Defendants' immunity assertions in their motion to dismiss, Dkts. 40, 41, and opposition to Dr. Issak's motion for leave to amend, Dkt. 79, require a stay until those defenses are fully resolved. *See Siegert*, 500 U.S. at 231; *Kerchen*, 100 F.4th at 761; *Kennedy*, 797 F.2d at 299; *Jones*, 2021 WL 6499976, at *2; *Craig*, 3:23-cv-148, 2023 WL 4356051, at *1; *Quigley*, 2010 WL 1753121, at *2 (E.D. Mich. Apr. 29, 2010).

## IV. The Balance of Equities Favors a Stay.

An assertion of immunity requires a stay of discovery—full stop. But this Court's discretionary power over its own docket, and the equities that inform that discretion, also favor a stay. Dkt. 81, at 7-9. Defendants have already conducted

burdensome discovery while their immunity defenses are pending. *See* Dkt. 81 at 9. And the burden that further discovery imposes on Defendants outweighs the hardship Dr. Issak claims would follow if discovery were stayed.

Dr. Issak's argument to the contrary falls short. She invokes *Elrod v. Burns* for the proposition that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." 427 U.S. 347, 373 (1976); Dkt. 84 at 20. But a discovery stay does not suppress anyone's speech. Dr. Issak is free to speak, write, or publish her work regarding her pilot studies today; she needs no discovery to do so. What Dr. Issak describes as her harms flow from the underlying merits dispute, not from a discovery stay while the Court resolves whether it has jurisdiction to award the relief she seeks at all.

Meanwhile, the discovery Dr. Issak seeks to continue is not trivial. The parties have already exchanged more than 14,000 documents comprising 34,000 pages after consulting twenty-five custodians, and Dr. Issak intends to seek at least eight depositions before year's end. Dkt. 81 at 9. Requiring Defendants to bear that burden while the existence of their immunity from suit remains undecided is precisely the harm immunity is designed to prevent. *Mitchell*, 472 U.S. at 526. "Supreme Court and Sixth Circuit precedent clearly provide that the burden of ongoing discovery against a defendant who has asserted a qualified immunity is great and must be avoided where . . . immunity can be resolved as a threshold issue." *Quigley*, 2010 WL 1753121, at *2. And unlike the ongoing risk that prompted *Elrod*, Dr. Issak's graduation eliminated the time-sensitive pressure of the University's eight-year

degree clock. A stay pending resolution of the Motion to Dismiss, Dkt. 41, and Motion for Leave to Amend, Dkt. 76, imposes no comparable urgency on her.

## CONCLUSION

For these reasons, Defendants' motion to stay discovery should be granted and discovery should be stayed until the Court rules on Defendants' pending arguments and Defendants' immunity defenses are fully resolved.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Andrew N. Grams*
ANDREW N. GRAMS (BPR# 018380)
Assistant Attorney General
Health and Education Division
ANDREW D. DENNING (BPR# 042208)
Assistant Attorney General
Constitutional Defense Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 741-2935
Andrew.Grams@ag.tn.gov
Andrew.Denning@ag.tn.gov
*Counsel for Defendants*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties below:

Ben M. Rose (TN Bar No. 21254)
Rose Firm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
(615) 942-8295
ben@rosefirm.com

Kaitlyn D. Schiraldi (TN Bar No. 039737)
Margot J. Cleveland (MI Bar No. P83564)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive Suite 300
Arlington, VA 22203
(202) 869-5210
Kaitlyn.Schiraldi@ncla.legal
Margot.Cleveland@ncla.legal

<u>s/ *Andrew N. Grams*</u>

10